Lynch v City of New York (2018 NY Slip Op 04826)





Lynch v City of New York


2018 NY Slip Op 04826


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Acosta, P.J., Sweeny, Webber, Kahn, Oing, JJ.


6995 157286/15

[*1]Patrick Lynch, etc., et al., Plaintiffs-Respondents,
v
The City of New York, et al., Defendants-Appellants.


Zachary W. Carter, Corporation Counsel, New York (John Moore of counsel), for appellants.
Rivkin Radler LLP, Uniondale (Cheryl F. Korman of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Margaret A. Chan, J.), entered April 13, 2017, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment to the extent of declaring that defendants violated Administrative Code of City of NY § 13-218(h), and denied defendants' cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the cross motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiffs contend that defendants violated Administrative Code of City of NY § 13-218(h) by excluding police officers in tier 3 of the stateretirement system, i.e., officers who joined the system on or after July 1, 2009, from the retirement benefits conferred by the provision. Administrative Code § 13-218(h) provides that "any member who is absent without pay for child care leve [sic] of absence pursuant to regulations of the New York city [sic] police department shall be eligible for credit for such period of child care leave provided [that certain conditions are met]" (emphasis added). This section was added to the Administrative Code in 2000 (see L 2000, ch 594). While on its face it does not distinguish between tiers of membership, upon review of the broader statutory scheme (see Matter of New York County Lawyers' Assn. v Bloomberg, 19 NY3d 712, 721 [2012]) and legislative history,[FN1] we conclude that tier 3 police officers are not entitled to service credit for unpaid child care leave.
All public employees who join a retirement system do so in tiers. Police officers who joined the system between July 1, 1973 and June 30, 2009 are classified as members of tier 2 of the Police Pension Fund (see Retirement and Social Security Law § 440[c]). Their pension benefits are governed by article 11 of the Retirement and Social Security Law (RSSL) and title 13 of the Administrative Code of the City of New York.
Tier 3 was established for public employees who joined the system on or after July 1, 1976 (see RSSL § 500[a]). However, as a result of a legislative amendment and a series of legislative extensions, police officers who joined the system after July 1, 1976 were assigned tier 2 status, and that situation continued until 2009. Police officers hired after July 1, 2009 became members of tier 3 (see RSSL §§ 440[c]; 500[c]; Lynch v City of New York, 23 NY3d 757, 765-767 [2014]). Tier 3 police officers' pension benefits are governed by article 14 of the RSSL and [*2]title 13 of the Administrative Code. RSSL § 500(a) provides that, "[i]n the event that there is a conflict between the provisions of this article and the provisions of any other law or code, the provisions of this article shall govern." While Administrative Code § 13-218(h) affords the credit to "any member" of the Police Pension Fund, article 14 contains no provision for service credit for unpaid child care leave for tier 3 police officers. In the face of this conflict between the two, article 14 governs.
In 2004, the legislature amended the Administrative Code to extend the unpaid child care leave service credit benefit to tier 1 and 2 correction officers (see Administrative Code § 13-107[k], added by L 2004, ch 581). Like section 13-218(h), which grants the benefit to "any member" of the Police Pension Fund, section 13-107(k) grants this benefit to "any correction member." However, in 2005, the legislature amended RSSL § 513 expressly to make the benefit available to tier 3 correction officers, whom it had intended to include in the 2004 legislation but who were "accidentally omitted from the original bill" (Senate Introducer's Mem in Support, Bill Jacket, L 2005, ch 477 at 3; see RSSL § 513[h]). The RSSL had to be amended to accomplish the purpose because article 14, which governs tier 3 employees, contains definitions of the terms "credited service" and "creditable service," and expressly defines those terms by reference to RSSL § 513 ("Credit for Service") (see RSSL § 501[3], [4]). Thus, a service credit not included in RSSL § 513 would not be available to tier 3 members. (In contrast, article 11 contains a corresponding provision ["Credit for Service"] for tier 2 members [see RSSL § 446 (article 11)], but it defines only a few terms, and none of them are related to service credit.)
In recognizing that Administrative Code § 13-107(k) did not apply to tier 3 correction officers and that RSSL § 513 had to be amended to define a service credit for unpaid child care leave, the legislature also evinced its understanding that extending the benefit to tier 3 police officers would require another amendment to RSSL § 513. However, it declined to extend the benefit to tier 3 police officers.
In 2012, the legislature amended Administrative Code § 13-218(h), not to make the unpaid child care leave service credit benefit available to tier 3 police officers but "to make new NYC Tier 3 uniformed correction members ineligible to obtain service credit for child care leave in order to equate their benefits with Tier 3 police/fire benefits" (Senate Introducer's Mem in Support and Division of the Budget Bill Mem, Bill Jacket, L 2012, ch 18 at 10 and 18 [emphasis added]). This legislation is consistent with the legislative intent in the creation of tier 3, "a comprehensive retirement program designed to provid[e] uniform benefits for all public employees and eliminat[e] the costly special treatment of selected groups . . . inherent in the previous program" (Lynch v City of New York, 23 NY3d at 765 [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK



Footnotes

Footnote 1:The legislative history of section 13-218(h) does not reflect any intent to distinguish between the tiers in the pension system (see Bill Jacket, L 2004, ch 594). However, we note that, at the time of the section's enactment, there were no police officers in tier 3, and the "pension prerogatives" of tier 1 and tier 2 members were "virtually identical" (Lynch v City of New York, 23 NY3d at 761).